J. S25033/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

A.M.D., ON BEHALF OF A.D., A MINOR  :   IN THE SUPERIOR COURT OF
                                          :             PENNSYLVANIA
                v.                   :
                                            :
T.A.B.,                                  :          No. 3049 EDA 2016
                                            :
                Appellant      :

Appeal from the Order Entered August 24, 2016,
in the Court of Common Pleas of Pike County
Civil Division at No. 1040-2016 Civil

BEFORE:  BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 17, 2017**

T.A.B. appeals from the August 24, 2016 final order for protection of victims of intimidation ("PFI") entered in the Court of Common Pleas of Pike County pursuant to the Protection of Victims of Sexual Violence or Intimidation Act, 42 Pa.C.S.A. §§ 62A01-62A20 (the "Act").  We are constrained to remand.

The trial court set forth the following:

> On July 25, 2016, [A.M.D. ("Mother")] filed a Protection from Intimidation Petition on behalf of her daughter, [A.D. ("victim")], against [appellant].  The parties are neighbors whose property lines border one another.  At which time the Honorable President Judge Joseph F. Kameen issued a temporary Protection from Intimidation order and scheduled a hearing for August 3, 2016, which was continued to August 24, 2016.  This Court entered the Final Protection from Intimidation Order at issue following that hearing.  Criminal proceedings were also

initiated and completed in several instances involving these parties, including a conviction of [appellant] for harassment under 18 Pa.C.S.[A.] § 2709(a)(3) . . . . District Justice Menditto first convicted [appellant] under this section, [and] the Honorable Gregory H. Chelak upheld the conviction on appeal to the Court of Common Pleas of Pike County.

At the hearing, [Mother] and [victim] testified to numerous incidents with [appellant]. The initial incident occurred on July 5, 2015, in a Facebook post written following an undescribed incident with some neighborhood children, [appellant] referred to [victim] as "the Birchwood Lake whore." More Facebook posts followed from [appellant], which suggested [appellant] would "go to jail" if something happened to her children because of [victim's] family; and a post where [appellant] posted to [victim's] older sister, [K.A.], "Wake up, cut yourself. Your brother wants to kill himself. . . [.]"

A second incident occurred sometime in July, 2015 where [appellant] ran [victim] and some of her friends off the road with her vehicle. A group consisting of [victim], her brother[, G.D.], and four friends walked to the community pool. As [appellant] sped past the group, one of the minors asked [appellant] to "please slow down," to which [appellant] stopped and exited the vehicle, and an argument ensued which ended when [appellant] stated to [G.D.], "Why don't you go home and stab a dog?" prior to driving away. [Victim] testified she was in fear for her safety during that incident.

As a result of [victim's] fear of [appellant], she stopped going to the community pool which she frequented during the summer months. Since the filing of the instant action, [appellant] appeared at the community pool during the summer of 2016 much more frequently than before, [appellant] sat at a table while at the pool and [victim] felt intimidated, "whenever I was there she was always there. . . [.]" A lifeguard asked [appellant] to leave the community pool following an argument with the

[victim's] entire family on July 17, 2015, where [appellant] went "completely crazy."

An incident occurred as to a property line dispute on August 30, 2015, where [appellant] called [G.D.] a "fucking faggot with his fucking faggot tattoos," and called [victim] "a fucking whore."

As well, an incident occurred around the end of May, 2016 while home alone in her bedroom, [victim] overheard through an open window [appellant] discussing [victim's] family with another neighbor, Tony. [Appellant] told Tony she would "take down" [victim's] parents. As a result, [victim] called [Mother], asked her to return home, and locked the doors and windows to the house.

The most recent incident occurred in early August of 2016. [Victim] and a friend had entered the Dollar General where [appellant] is employed, upon entering the store [appellant] spoke loudly "I can't wait on these people, I have a PFI against them."

Trial court opinion, 11/21/16 at 1-3 (citations to notes of testimony omitted).

The record reflects that following entry of the PFI, which expires on August 23, 2019, appellant filed a timely notice of appeal to this court. Appellant then complied with the trial court's order directing her to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Subsequently, the trial court filed its Rule 1925(a) opinion.

Appellant raises two issues for our review:

1. Whether the Trial Court erred and abused its discretion by granting [the PFI] because

[victim] failed to present evidence of intimidation as defined by 42 Pa.C.S.[A. § ]62A03[?]

2. Whether the Trial Court erred and abused its discretion by including language in the [PFI] which mandated that [a]ppellant stay at least fifty (50) feet away from [victim], when no such authority was granted to the Court[?]

Appellant's brief at 5.

Appellant first argues that the evidence of intimidation was insufficient to allow the trial court to enter a PFI against her. This issue requires us to interpret the Act.

The Statutory Construction Act of 1972, 1 Pa.C.S.A. §§ 1501-1991, guides our interpretation of a statute.

> The objective of all interpretation and construction of statutes is to ascertain and effectuate the legislative intent behind the statute. 1 Pa.C.S.[A.] § 1921(a). When the plain language of a statute is clear and free from all ambiguity, it is the best indication of legislative intent. 1 Pa.C.S.[A.] § 1921(b); ***see also Chanceford Aviation v. Chanceford Twp. Bd. of Supervisors***, 592 Pa. 100, 923 A.2d 1099, 1104 (Pa. 2007).
>
> When, however, the words of a statute are ambiguous, a number of factors are used in determining legislative intent, including the purpose of the statute and the consequences of a particular interpretation. 1 Pa.C.S.[A.] § 1921(c). Furthermore, "it is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute." ***Hoffman Mining Co., Inc., v. Zoning Hearing Bd. of Adams Twp.***, ***Cambria Cnty.***, 612 Pa. 598, 32 A.3d 587, 592 (Pa. 2011) (internal quotes and

citation omitted); see also 1 Pa.C.S.[A.] § 1932 (statutes are considered to be *in pari materia* when they relate to the same persons or things, and statutes or parts of statutes *in pari materia* shall be construed together, if possible). Lastly, we presume that the legislature did not intend an unreasonable or absurd result. 1 Pa.C.S.[A.] § 1922(1).

***Watts v. Manheim Twp. Sch. Dist.***, 121 A.3d 964, 979 (Pa. 2015).

Here, the trial court entered the PFI to protect the victim from appellant's intimidation. Our General Assembly set forth its findings and the purpose of the Act, in relevant part, as follows:

> (2) [I]ntimidation can inflict humiliation, degradation and terror on the victim.
>
> . . . .
>
> (5) Victims of [] intimidation desire safety and protection from future interactions with their offender, regardless of whether they seek criminal prosecution.
>
> (6) This chapter provides the victim with a civil remedy requiring the offender to stay away from the victim, as well as other appropriate relief.

42 Pa.C.S.A. § 62A02(2), (5) & (6).

The Act defines "intimidation," in pertinent part, as

> [c]onduct constituting a crime under either of the following provisions between persons who are not family or household members:
>
> > 18 Pa.C.S.[A.] § 2709(a)(4), (5), (6) or (7) (relating to harassment) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.

42 Pa.C.S.A. § 62A03. Under the Crimes Code,

> [a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;
>
> (5) communicates repeatedly in an anonymous manner;
>
> (6) communicates repeatedly at extremely inconvenient hours; or
>
> (7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa.C.S.A. § 2709(a)(4)-(7).

Appellant maintains that Mother, on behalf of the victim, presented insufficient evidence of intimidation to sustain the PFI. The Act, however, requires the plaintiff:

> (1) to assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and
>
> (2) to prove by preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

42 Pa.C.S.A. § 62A06(a). In this case, Mother, on behalf of the victim, asserted that the victim was a victim of intimidation by appellant. With

respect to findings of intimidation under the Act, the Pennsylvania Rules of Civil Procedure provide, in relevant part, that "[t]he decision of the court may consist of only general findings of sexual violence and/or intimidation, but shall dispose of all claims for relief." Pa.R.Civ.P. 1957. Therefore, following a PFI court's general findings of intimidation, Mother, on behalf of the victim, was then required to prove by a preponderance of the evidence that the victim is "at a continued risk of harm" from appellant as required by the plain language of Section 62A06(a)(2) of the Act.

Here, the trial court conducted a PFI hearing and found that appellant's conduct constituted intimidation under Crimes Code Sections 2709(a)(4) and (7). The trial court, however, did not address whether Mother, on behalf of the victim, proved by a preponderance of the evidence that the victim is at a continued risk of harm from appellant, as required under Section 62A06(a)(2) of the Act. Therefore, we are constrained to remand to the trial court for the preparation of an opinion that addresses whether Mother, on behalf of the victim, demonstrated by a preponderance of the evidence that the victim is at a continued risk of harm from appellant, to be filed within 60 days.

Remanded for further proceedings consistent with this memorandum. Jurisdiction retained.

J. S25033/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017